ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | |
|---|---|
| CARMEN HINNANT )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>)<br>AUTOZONE STORES LLC, *et al*. )<br>)<br>DEFENDANTS ) | CASE NO.  5:23-CV-153-BJB |

\* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants, AutoZone Stores LLC and AutoZone Development LLC, (jointly "AutoZone") by counsel, file this Notice of Removal from McCracken Circuit Court, McCracken County, Kentucky to the United States District Court for the Western District of Kentucky at Paducah.  The grounds for removal are as follows:

### THE REMOVED CASE

1. The removed case is a civil action originally filed on or about November 2, 2023, most recently pending in the McCracken Circuit Court, McCracken County, Kentucky, Civil Action No. 23-CI-00886, and captioned *Carmen Hinnant v. AutoZone Stores LLC, et al.*

2. That this is a personal injury action arising out of a December 2, 2022 slip/trip and fall which occurred in or around the parking lot located at 2809 Jackson Street, Paducah, McCracken County, Kentucky.

## PAPERS FROM REMOVED ACTION

3. As required by 28 U.S.C. § 1446(a), *see* Exhibit 1 for copies of all process, pleadings, orders and other papers or exhibits served upon AutoZone or filed in the state court.

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) in the United States District Court for the Western District of Kentucky at Paducah, because the McCracken Circuit Court, McCracken County, Kentucky is within the Western District of Kentucky at Paducah. Local Rule 3.1(b)(4).

## DIVERSITY OF CITIZENSHIP EXISTS

5. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff Carmen Hinnant is now and was at all relevant time a citizen of Kentucky for purposes of determining diversity under 28 U.S.C. § 1332.

7. That Defendant, AutoZone Stores LLC, at the time of the commencement of this action and ever since, has been a limited liability company and, as such, its citizenship is based upon the citizenship of its members. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). AutoZone Stores LLC's sole member is AutoZone Southeast L.P. AutoZone Southeast L.P. is a limited partnership organized under the laws of the State of Nevada, with its principal place of business in Tennessee. Limited partnership citizenship is determined by the residence of its partners. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005)). AutoZone Southeast L.P.'s partners are AutoZone Southeast LLC and AutoZone Investment Corporation. AutoZone Southeast LLC's sole member is AutoZone Investment Corporation, which is a corporation duly created and organized under the laws of the State

of Nevada, with its principal place of business in the State of Tennessee. Therefore, AutoZone Stores LLC is a citizen of the States of Nevada and Tennessee for purposes of diversity of citizenship.

8. Defendant, AutoZone Development LLC, at the time of the commencement of this action and ever since, has been a limited liability company and, as such, its citizenship is based upon the citizenship of its members. *Id*. The sole member of AutoZone Development LLC is AutoZone Investment Corporation, a corporation duly created and organized under the laws of the State of Nevada, with its principal place of business in the State of Tennessee. Therefore, AutoZone Development LLC is a citizen of the States of Nevada and Tennessee for purposes of diversity of citizenship.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

9. Consistent with Kentucky Civil Rule 8.01(2), Plaintiff's Complaint does not state a specific dollar amount of damages. *See* Ky. R. Civ. P. 8.01(2) (prohibiting a complaint from including "any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar necessary to establish the jurisdiction of the court.") Nevertheless, the amount in controversy here exceeds $75,000. If "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" then "the notice of removal may assert the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2)(A)(ii). Here, AutoZone can establish, "by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). "[I]f a 'fair reading' of the complaint shows that more than $75,000 is in controversy, the [amount in controversy] requirement is satisfied. *See Fryrear v. Medtronic, Inc.*, No. 3:14-cv-58-DJH, 2015 U.S. Dist. LEXIS 48095, at *7 (W.D. Ky. April 13, 2015 (quoting *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001)).

10. Despite the lack of a demand for a specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

11. Plaintiff claims, and may recover if she prevails, significant non-economic damages. *See Fischer v. May*, No. 3:11-CV-592, 2012 U.S. Dist. LEXIS 75388, at *4-*7 (W.D. Ky. May 30, 2012) (denying plaintiff's Motion to Remand as, in a personal injury case, the defendant had shown the amount in controversy exceeded $75,000 based upon plaintiff's claims of "serious" injury arising from his accident, past medical expenses, future medical expenses, past and future wage lost, past and future pain and suffering and punitive damages). Plaintiff is alleging medical bills in excess of $66,292.08 and is claiming wage loss in excess of $1,426.00. In addition to past medical expenses and past wage loss, Plaintiff claims past and future pain and suffering, future medical expenses, future wage loss, and impairment of her ability to labor and earn money in the future. (Plaintiff's Complaint, count I, para. 5 and count II, para. 5). The amount in controversy is further established by Plaintiff's pre-suit settlement demand in the amount of $325,000.00. *See* Exhibit 2.

12. Without waiving any defense to liability or damages that AutoZone has, AutoZone states that the amount in controversy will, more likely than not, exceed $75,000, exclusive of interest and costs. *See Fischer*, No. 3:11-CV-592, 2012 U.S. Dist. LEXIS 75388, at *4-*7.

## THE REMOVAL IS TIMELY

13. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely filed in this Court within thirty (30) days after receipt by AutoZone, of a copy of the initial pleading and the Complaint setting forth the claim for relief.

## FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to all counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for McCracken County, Kentucky. A true and correct copy of this Notice is attached as Exhibit 3.

15. Thus, the state-court action may be removed to this Court by AutoZone, and in accordance with the provisions of 28 U.S.C. §1441(a) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Kentucky at Paducah; (2) there is complete diversity of citizenship; (3) the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs; and (4) this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

## RESERVATION OF RIGHTS

16. AutoZone reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of his entitlement to remove this case.

17. AutoZone reserves all defenses and objections, including, without limitation, the defenses of insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and any other defenses or objections available under applicable law, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, Defendants hereby jointly remove the above-captioned action from the Circuit Court in and for McCracken County, Kentucky, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

s/ Anne K. Guillory
Anne K. Guillory
Jasmine R. Chenault-Diehlmann
DINSMORE & SHOHL LLP
101 S. Fifth St., Suite 2500
Louisville, Kentucky 40202
502.540.2300
Fax:  502.585.2207
anne.guillory@dinsmore.com
jasmine.diehlmann@dinsmore.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 27th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served via U.S. Mail and email on the following:

Chuck Tveite
Edwards & Kautze, PLLC
222 Walter Jetton Blvd.
P.O. Box 1837
Paducah, KY 42002
(270) 442-9000
ctveite@eandklaw.com
*Counsel for Plaintiff, Carmen Hinnant*

s/ Anne K. Guillory
*Counsel for Defendants*